# IN THE COURT OF APPEALS OF IOWA

No. 22-0914
Filed August 30, 2023

**ANTONIO SABRE DANTZLER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann Lekar, Judge.

Antonio Sabre Dantzler appeals the denial of his third application for postconviction relief. **AFFIRMED.**

Christopher Kragnes Jr., Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Antonio Sabre Dantzler appeals the denial of his third application for postconviction relief. On direct appeal, our court affirmed Dantzler's convictions for robbery, assault while participating in a felony, and possession of a firearm as a felon, and we later affirmed the denial of his first and second applications for postconviction relief. *See Dantzler v. State*, No. 15-2068, 2017 WL 2465783, *2–3 (Iowa Ct. App. June 7, 2017); *Dantzler v. State*, No. 11-1586, 2012 WL 4513910, at *1–3 (Iowa Ct. App. Oct. 3, 2012); *State v. Dantzler*, No. 09-1363, 2010 WL 3155229, at *1 (Iowa Ct. App. Aug. 11, 2010). We adequately set out the facts of conviction on direct appeal and need not repeat them here. *Dantzler*, 2010 WL 3155229, at *1–2.

Dantzler now claims he is "actually innocent." *See Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). The State does not contest the timeliness of Dantzler's claim or make any allegation that it is not grounded in newly discovered evidence, so we proceed to the merits.

To prove he is "actually innocent," Dantzler bears the burden to prove "by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including newly discovered evidence." *Id.* The supreme court has held this burden is a "demanding" standard." *Dewberry v. State*, 941 N.W.2d 1, 5, 7–10 (Iowa 2019).

The basis for Dantzler's actual-innocence claim was an affidavit signed by a fellow prison inmate, Miquelle Miller. Miller is in prison for various state and

federal felony convictions, including intimidation with a dangerous weapon, assault on a peace officer with a dangerous weapon, carrying weapons, and possession of a firearm as a felon, for a total of a thirty-year sentence.  Miller also has prior convictions for multiple crimes of dishonesty, including theft and forgery.

Miller expanded on his affidavit in testimony at the postconviction trial, explaining that he knew "for sure" that Dantzler did not commit one of the robberies because Miller committed the robbery himself.  As the postconviction court put it, "On direct examination, Miller provided few details of the . . . robbery other than to assert that he committed that crime."  On cross-examination, Miller was only able to provide a vague description of the robbed store, with few identifying details, and was vague or evasive in answering other questions.  In assessing credibility, the postconviction court noted that, when asked to identify his alleged accomplices in the robbery, Miller "at first attempted to defer answering the question and then engaged in additional hesitancy when providing the names."  When he finally did provide these names, Miller did so "with significantly less confidence and directness than the manner in which he had provided his testimony under direct examination."

The postconviction court found other aspects of cross-examination damaging to Miller.  For example, Miller was only thirteen years old at the time he claims to have committed the robbery, and he described his accomplices as "older homies" even though one of the boys he named was only a couple of months older and he did not know the age of the other.  Miller also admitted that he was on juvenile probation at the time of the alleged robbery, and court documents established he was living in Illinois.  While Miller testified he was in Waterloo for

the robbery, the postconviction court was not persuaded. Miller also gave testimony about events during the robbery that the postconviction court described as "convoluted and somewhat contradictory." Near the end of his testimony, Miller admitted to "doing, like, a lot of drugs" throughout his life, remarking that his "memory . . . isn't anything that I would hang my hat on."

Applying supreme court case law, our review of actual-innocence claims under the Iowa Constitution is de novo. *Schmidt*, 909 N.W.2d at 797–98. But even in de novo review of postconviction rulings, we still give weight and defer to the credibility assessments of the fact-finder. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Here, the credibility findings of the postconviction court are specific, well-reasoned, and bolstered by the observations already quoted in this opinion:

> The testimony of Miquelle Miller is simply neither clear, nor convincing. Miller was vague on facts, light on details, and inconsistent and contradictory of his own testimony. Miller's testimony did not align with other well-established and sufficient evidence in this matter which supported the finding of guilt made by the jury. Miller's testimony was not convincing. The Court does not find him to be credible, based upon the inconsistencies and vagueness of his testimony.

We share many of these observations in our own review of the cold record, and we are mindful that the postconviction court was better-positioned than we are to decide credibility because it could assess Miller's live testimony.

The gist of Dantzler's argument on appeal is that Miller had no reason to lie, so we should substitute our credibility judgment for that of the postconviction court. Even if we were permitted to do so, we would not on this record. Contrary to Dantzler's claim that Miller was unbiased, the record establishes that Dantzler's son is "one of [Miller's] best friends" whom Miller knew outside of prison. The State

also correctly notes that Miller did not risk prosecution by confessing to this robbery some fifteen years later, as the statute of limitations had long expired. *See* Iowa Code § 802.3 (2021). Last, Miller's own testimony about drug use establishes that his memory is unreliable. We are not persuaded by Dantzler's contention that Miller's motivations (or alleged lack thereof) require us to find Dantzler has proven his actual innocence by clear and convincing evidence. Instead, we find the postconviction court correctly applied the law and affirm the denial of postconviction relief in light of the court's detailed credibility assessment.

**AFFIRMED.**